# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE
_____

|  |  |  |
|---|---|---|
| **LAURA PATRICIA CUTSINGER,** | ) | Robertson County Circuit Court |
|  | ) | No. 6515 |
| Plaintiff/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C.A. NO. 01A01-9504-CV-00148 |
|  | ) |  |
| **CHARLES EDWARD CUTSINGER,** | ) |  |
|  | ) |  |
| Defendant/Appellant. | ) |  |
|  | ) |  |

**FILED**

**Oct. 14, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Robertson County at Springfield.
**Honorable Robert W. Wedemeyer, Judge**


**W. A. Moody**, Nashville, Tennessee
Attorney for Defendant/Appellant.


**Fred C. Dance**,
DANCE, DANCE & LANE, Nashville, Tennessee
Attorney for Plaintiff/Appellee.


OPINION FILED:

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**


**FARMER, J.**


**CRAWFORD, J.** : (Concurs)
**KOCH, J.** : (Concurs)

In this divorce case, Charles Edward Cutsinger (Husband) has appealed the trial court's judgment which awarded Laura Patricia Cutsinger (Wife) a thirty percent (30%) interest as a seller in the contract of sale of Husband's chiropractic practice. Husband also has appealed the trial court's ruling which ordered Husband to indemnify Wife for any judgment that might arise as a result of an indebtedness for a pleasure boat purchased during the marriage.

The parties were married on May 3, 1985. Prior to the marriage, Husband had practiced chiropractic medicine in Iowa for ten years. In 1983, Husband moved to Tennessee and started a chiropractic practice as a sole proprietorship. Approximately three days after the parties were married in 1985, Wife, a licensed practical nurse, began working at the practice. Wife worked in Husband's practice throughout the marriage, and Husband paid Wife a salary.

In August of 1990, Husband became seriously ill due to a systemic carcinoma. His illness forced him to leave his practice until September of 1991. During this time, Wife helped keep the practice running by doing the bookkeeping and obtaining other chiropractors to treat patients.

On July 26, 1992, the parties separated. On April 20, 1993, Husband sold his chiropractic practice to Terry D. Totty (Mr. Totty) pursuant to a sale of assets agreement (sales agreement). The total purchase price was $130,000. Among other provisions, the sales agreement contained a "Covenant Not To Compete" as well as a "Consultation Fee" for Husband's future services. The total purchase price of $130, 000 was apportioned as follows:

| | |
|---|---|
| Equipment | 62,000 |
| Trade Name & Good Will | 13,000 |
| Covenant Not To Compete | 13,000 |
| Accounts Receivable | 18,000 |
| Consultation Fee | 24,000 |
| | |
| TOTAL: | $130,000 |

On June 10, 1993, Wife filed a complaint seeking a divorce upon the grounds of cruel and inhuman treatment and irreconcilable differences. Husband answered, denying Wife's allegations, and filed a countersuit alleging abandonment and inappropriate marital conduct. At trial, the parties stipulated that the trial court should grant a divorce to both parties. The parties presented

two issues for the trial court's consideration: (1) the equitable division of the Husband's chiropractic practice; and (2) the distribution of a potential debt arising from the forfeiture of a pleasure boat that had been purchased by the parties during their marriage.

At trial, Wife testified that she had contributed her services to Husband's chiropractic practice throughout the marriage. Wife further contended that she had helped maintain the practice when Husband's illness forced him to quit working for approximately a year. Wife argued that her various contributions to Husband's practice entitled her to an interest in the purchase price of Husband's practice.

As additional evidence of her interest in Husband's practice, Wife presented a list of equipment, which she alleged had been bought for Husband's practice during the parties' marriage. She argued that the equipment was marital property and was therefore subject to equitable division pursuant to T.C.A. § 36-4-121. Wife's testimony showed that the value of the equipment in question comprised 48.73% of the total value of the equipment present in Husband's practice at the time that the practice was sold.

Wife also asserted that she should be held harmless for any future deficiency judgment that might arise due to the parties' forfeiture of a $120,000 pleasure boat. It was undisputed that the boat had been purchased during the marriage. Due to Husband's illness, the parties had been unable to pay the necessary installments on the boat. Consequently, a creditor had repossessed the boat. At the time of trial, the repossessor of the boat had not taken any action for a deficiency.

The trial court granted a divorce to the parties pursuant to T.C.A. § 36-4-129[1] and awarded Wife a 30% interest in the purchase price of Husband's practice. The court found that the purchase price of the chiropractic practice was $104,000. In arriving at the $104,000 figure, the court excluded the amounts paid by Mr. Totty for "Trade Name and Good Will" and the "Covenant

---

[1]T.C.A. § 36-4-129(b) allows a court to grant a divorce upon both parties' stipulations as to the grounds of the divorce. The court may award such a divorce without assessing fault to either party. T.C.A. § 36-4-129(b).

Not To Compete" from the total purchase price of $130,000. Thus, the trial court found that the value of Wife's interest in the purchase price of Husband's practice was $31,200 ($104,000 (purchase price of Husband's practice) x 30% (percentage of Wife's interest in Husband's practice) = $31,200). The trial court also ordered that Husband indemnify Wife for any deficiency judgment that might arise as a result of the forfeiture of the boat purchased during the parties' marriage.

Husband presents the following issues for review:

1. Did the trial court err in awarding the plaintiff a 30 percent interest in the sale price of the defendant's chiropractic practice, holding it to be marital property?

2. Did the trial court err in decreeing that the defendant indemnify the plaintiff for any deficiency judgment against them for the purchase and repossession of a pleasure boat?

3. Did the trial court err in awarding the plaintiff a 30% interest in the $24,000 consultation fee paid by the purchaser of the chiropractic practice to the defendant?

In regard to Husband's first issue, the trial court found that the chiropractic practice was the separate property of Husband because he had owned the practice prior to the marriage. Assets owned by a spouse prior to marriage are to be considered the separate property of that spouse. T.C.A. § 36-4-121(b)(2)(A).

However, the trial court also found that Wife was entitled to a share of the purchase price because she had performed services during Husband's illness that were essential to preserving Husband's practice. The court reasoned that, without Wife's services, the value of the practice would have been substantially less at the time of sale. Additionally, the trial court found that the equipment from Husband's practice, which Wife had specified as having been purchased during the course of the parties' marriage, qualified as marital property under T.C.A. § 36-4-121(b)(1)(A). Consequently, the trial court held that Wife was entitled to 30% of the purchase price of the practice, excluding the monetary amounts in the sales agreement attributable to "Trade Name and Good Will" and the "Covenant Not To Compete."

Husband argues that the trial court erred in assessing Wife's interest in the purchase

price because Wife failed to show that the practice had appreciated during the parties' marriage. He argues that the burden was on Wife to prove the value of the practice prior to the marriage. Husband further argues that since no evidence was presented as to the value of the practice prior to their marriage, Wife did not meet her burden in proving that the value of Husband's practice had appreciated during the marriage. Without proof of an appreciation in the value of the practice, Husband contends that there is no evidence in the record to support the trial court's award.

We agree with Husband and hold that the trial court erred in assessing Wife's equitable interest in the value of the assets of Husband's practice. The determination of what property is jointly owned and the value of a party's interest in that property is a question of fact. *Hardin v. Hardin*, 689 S.W.2d 152, 153 (Tenn. App. 1983). Our review of the lower court's decision is *de novo* with a presumption of the correctness unless the evidence preponderates otherwise. T.R.A.P. 13(d); *Farrar v. Farrar*, 553 S.W.2d 741, 743 (Tenn. 1977); *Kelly v. Kelly*, 679. S.W.2d 458, 460 (Tenn. App. 1984).

The evidence offered at trial was sufficient to show that Wife did make a valuable contribution to Husband's practice throughout the entire course of the parties' marriage and, most especially, during his illness. Moreover, T.C.A. § 36-4-121(a)(1) gives the trial court great latitude in equitably dividing marital property between divorcing parties. However, as a threshold matter, property must first qualify as marital property under T.C.A. § 36-4-121(b)(1)(A) or T.C.A. § 36-4-121(b)(1)(B) before it can be subject to the court's powers of equitable division under T.C.A. § 36-4-121(a)(1). If the nonowner spouse cannot prove that a piece of property is marital property, the trial court has no authority to make an equitable division of the property. T.C.A. § 36-4-121(a)(1). T.C.A. § 36-4-121(b)(1)(B) defines "marital property" *inter alia* to include "income from, and any increase in value during the marriage, of property determined to be separate property . . . if each party substantially contributed to its preservation and appreciation." T.C.A. § 36-4-121(b)(1)(B). Thus, if a nonowner spouse can show that he contributed to the preservation and appreciation of a piece of separate property, the trial court may grant the nonowner spouse an equitable share of the increase in value of that property. T.C.A. § 36-4-121.

In order to prove such an increase in the value of separate property, a nonowner

spouse must present evidence that proves the value of the separate asset prior to the marriage. ***See Bryson v. Bryson***, App. No. 88-94-II, 1988 WL 87685 at **3 (Tenn. App. Aug. 26, 1988). If there is no proof of the value of a separate asset before the parties' marriage, the trial court has no legitimate basis to determine that an asset has appreciated. ***Id.*** Thus, a trial court properly cannot make an equitable distribution of the alleged appreciated value of that particular asset. ***Id***.

Wife offered no proof as to the value of Husband's business prior to the parties' marriage. "One who claims an interest in the increase in value of the separate property of his spouse has the burden of showing the amount of such increase." ***Bryson***, 1988 WL 87685 at ***3. The only evidence Wife offered at trial to prove that Husband's chiropractic practice had appreciated over the course of the parties' marriage was her testimony that the practice had increased from 4 to 5 patients when the parties were married to 35 to 40 patients at the time of the divorce. Wife argues that this testimony proves that the value of Husband's practice increased over the course of the marriage. However, as noted *supra*, Wife failed to present evidence that the actual monetary value of Husband's practice had risen to correspond with the increase in the number of patients. It cannot be conclusively inferred that a business is appreciating in value just because it begins to service more clients.

Without such fundamental information, Wife's interest in the purchase price could not be made without speculation as to the exact amount of appreciation of the practice attributable to her services. Accordingly, we find that the trial court erred in awarding Wife a 30% interest in the purchase price of Husband's practice.

Wife relies on ***Wilder v. Wilder***, 863 S.W.2d 707 (Tenn. App. 1992), to support her argument that T.C.A. § 36-4-121 does not require the nonowner spouse to prove an actual appreciation in the value of a separate asset in order for that asset to be classified as marital property. Wife argues that ***Wilder*** stands for the proposition that a nonowner spouse need only show that she contributed to the preservation of a marital asset in order to be entitled to a portion of the value of that asset. Thus, her contributions to the preservation of Husband's practice during the course of the parties' marriage is enough to transmute a portion of the purchase price of Husband's practice into marital property.

Wife's reliance on *Wilder* is misplaced. First, in the instant case, Wife did not present conclusive evidence that the value of Husband's practice had been preserved throughout the parties' marriage because she failed to prove the value of Husband's practice prior to the parties marriage. Second, *Wilder* was an atypical case that must be read in the context of its specific facts. In *Wilder*, the husband was an attorney, who had worked with several other attorneys to obtain a $10 million settlement for his clients and other plaintiffs in a class action lawsuit. *Id*. at 710. The actual trial of the lawsuit took place prior to the parties' marriage. *Id*. However, the husband and wife were married before the final judgment was entered by the trial court. *Id*. When the trial court awarded the plaintiffs a $21 million judgment, the defendants appealed. *Id*.

During the course of the parties' marriage, the wife contributed her services to her husband's law practice while he worked on the appeal. *Id*. The Sixth Circuit Court of Appeals reduced the judgment to $11 million. *Id*. After the appeal was decided, the wife continued to contribute her services to the husband's practice until the parties eventually settled the litigation for $10 million. *Id*.

Ms. Wilder argued that she was entitled to a portion of her husband's attorney's fees from the lawsuit because she had worked with him on it during the marriage. *Id*. at 714. The husband argued that, because the value of the lawsuit had decreased during the marriage, the value of his interest in the lawsuit had also decreased. *Id*. Thus, he asserted that his wife could not have contributed to an appreciation in the value of his interest in the lawsuit as required by T.C.A. § 36-4-121(b)(1)(B). *Id*. Therefore, he reasoned that she was not entitled to an equitable share.

The husband in *Wilder* cited a string of Tennessee decisions which held that a spouse who does not materially contribute to an increase in the value of a separate asset is not entitled to any portion of that asset under the equitable division of property. *Id.; see Mahaffey v. Mahaffey*, 775 S.W.2d 618, 623 (Tenn. App. 1989); *Crews v. Crews*, 743 S.W.2d 182, 189 (Tenn. App. 1987). However, this Court held that *Wilder* was distinguishable from the prior decisions in two distinct respects. First, this Court recognized that potential attorney's fees arising from an ongoing lawsuit are not a conventional asset. *Id*. A lawsuit is neither an appreciable nor a depreciable asset. *Id*.

Accordingly, contingency fees arising from a lawsuit are neither appreciable or depreciable. *Id*. Instead an attorney's contingency fee is "nothing more than a potential which might or might not materialize into a large sum of money. " *Id*.

T.C.A. § 36-4-121(b)(1)(B) clearly requires that the nonowner spouse show a contribution to both the appreciation and preservation of a separate asset during the course of the parties' marriage in order for the increase in value of that asset to be treated as marital property. T.C.A. § 36-4-121(b)(1)(B). Because of the unique nature of a lawsuit, it was impossible for the wife in *Wilder* to prove an appreciation of the value of the husband's interest in the lawsuit as required by T.C.A. § 36-4-121(b)(1)(B). However, the evidence clearly showed that the wife in *Wilder* had contributed her services to husband's practice throughout the course of the parties' marriage and that she had received no contemporaneous pay for her contributions. *Id*. This Court determined that it would be inequitable to deny wife a portion of her husband's interest in the lawsuit when the wife had labored for her husband's practice throughout the marriage without any compensation for her services. *Id*. Thus, this Court determined that under the specific facts of *Wilder*, the wife was entitled to an equitable interest in the husband's fees because it was clear that she had helped preserve her husband's interest in the lawsuit. *Id*. Consequently, this Court found that the wife was entitled to a 5% share of her husband's interest in the lawsuit. *Id*.

In the instant case, neither of the distinguishing factors of *Wilder* are present. Unlike the potential attorney's fee from an ongoing lawsuit, the Husband's chiropractic practice was a going concern with a value that was ascertainable at any given time. However, Wife presented no proof of the value of Husband's practice prior to the parties' marriage. Consequently, this Court cannot determine whether there was an actual appreciation and preservation of the separate property that would transmute the increase in value to marital property and entitle Wife to an equitable portion of the Husband's practice under T.C.A. § 36-4-121(a)(1)(A). Additionally, unlike *Wilder*, the trial court found that Wife was fairly compensated for her work in Husband's practice. Here, where Wife has failed to prove an appreciation in the Husband's practice and where Wife has been contemporaneously compensated for her contributions, we do not believe that she is entitled to any more than her equitable share of the marital assets that comprised part of the purchase price of Husband's practice.

The trial court found that roughly one-half of the equipment in Husband's practice was purchased jointly by the parties during the marriage. Such property is marital property and therefore subject to the court's power of equitable division. T.C.A. § 36-4-121(a)(1) and (b)(1)(A). Wife proved at trial that items purchased during the marriage accounted for 48.73% of the total value of all the equipment of Husband's practice. When Husband sold his practice to Mr. Totty, the value of all of the practice's equipment was listed as $62,000. Thus, the total value of the marital assets from the sale of the practice would be $30,212.60 ($62,000 (value of equipment purchased by Mr. Totty) x 48.73% (percent of total value of assets purchased during marriage) = $30,212.60 (value paid for marital assets by Mr. Totty)). Ownership of marital property should be presumed to be equal until proven otherwise. *Harrington v. Harrington*, 798 S.W.2d 244, 245 (Tenn. App. 1990); *Kelly v. Kelly*, 679 S.W.2d 458, 462 (Tenn. App. 1984). Accordingly, we believe that Wife is entitled to one-half of this amount. Thus, Wife should receive $15,106.30 from the sale of Husband's practice.

In regard to the Husband's second issue, the trial court found that the pleasure boat was marital property under T.C.A. § 36-4-121(b)(1)(A). All evidence presented at trial indicated that the boat was purchased during the marriage. Thus, there is no reason to question the trial court's factual finding. Trial courts have the authority to apportion marital debts in the same way that they divide marital assets. *Mahaffey*, 775 S.W.2d at 623-24. Trial courts are entitled to broad discretion in adjudicating the rights of parties in a divorce case. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983); *Harrington*, 798 S.W.2d at 245. Decisions based upon this discretion are entitled to great weight. *Kelly*, 679 S.W.2d at 460; *Edwards v. Edwards*, 501 S.W.2d 283, 288 (Tenn. App. 1973). There is no indication that the trial court abused its discretion in ruling that Husband should be liable for any deficiency arising from the forfeiture of the pleasure boat. Therefore, we affirm the trial court's order that Husband is to indemnify Wife if a default judgment should arise from the forfeiture of the boat purchased during the parties' marriage. Our disposition of Husband's first issue makes it unnecessary for us to address Husband's third issue.

The judgment of the court below is affirmed in part and reversed in part, and this cause is remanded to the trial court. Costs incurred on appeal are taxed one-half to Husband and one-half

to Wife for which execution may issue if necessary.

_____
                                        FARMER, J.

_____
CRAWFORD, J. (Concurs)

_____
KOCH, J. (Concurs)