# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

DIXIE MILLBURN SELBY,     )
                                       )

     Plaintiff/Appellee,     )
                                       )      Rutherford Chancery
                                       )      No. 94DR-775

VS.                        )
                                       )      Appeal No.
                                       )      01A01-9604-CH-00159

LANDON SELBY,          )
                                       )

     Defendant/Appellant.     )

**FILED**

**December 6, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

## DISSENTING OPINION

     I concur with the court's conclusion that the increase during the marriage of the equity in Ms. Selby's six Glaze Court duplexes is marital property. However, I have prepared this separate opinion to address an issue concerning the valuation of this marital property that is not addressed in the main opinion. Since the trial court undervalued this interest, I would remand the case for further proceedings.

### I.

     Dixie Selby owned six duplexes on Glaze Court before she married Landon Selby. According to Ms. Selby, the market value of these duplexes at the time of the marriage was $208,200. They were encumbered by a $140,000 mortgage, and accordingly, their net value at the time of the marriage was $68,200. At the time of the divorce, the fair market value of the duplexes was between $216,600[1] and $276,000.[2] The parties refinanced the debt during the marriage, and the debt applicable to the duplexes was $29,365.91 at the time of the divorce. Thus, the net value of the duplexes at the time of the divorce was between $187,234 and $246,634.

---

[1]Ms. Selby testified that the value of the one-bedroom duplexes was $34,900 and that the value of the two-bedroom duplexes was $37,300.

[2]Mr. Selby's appraiser testified that the value of the one-bedroom duplexes was $45,000 and that the value of the two-bedroom duplexes was $47,000.

The trial court found that the duplexes are Ms. Selby's separate property because she owned them prior to the marriage. It also found that the increase in the value of these duplexes during the marriage was marital property because Mr. Selby had substantially contributed to the duplexes' preservation and appreciation.[3] *See* Tenn. Code Ann. § 36-4-121(b)(1)(B) (1996). The trial court then determined that the equity in the duplexes had increased by $50,000 during the marriage.

## II.

The trial court did not consider the reduction in the debt on the duplexes when it calculated the increase in their equity during the marriage. This oversight appears to have been caused by an ambiguity in the "Joint Stipulation and Statement in Compliance with Rule 12.02"[4] filed prior to the hearing. This statement requires the parties to list debts separately from property and also requires the parties to state the "value" of property without stating whether the value should be market value, net value including associated debts, or some other value. It does not require the parties to indicate the existence of a correlation between a particular piece of property and a debt.

The courts should apportion marital debts in much the same way that they divide marital property. *Cutsinger v. Cutsinger,* 917 S.W.2d 238, 243 (Tenn. Ct. App. 1995); *Mahaffey v. Mahaffey,* 775 S.W.2d 618, 623-24 (Tenn. Ct. App. 1989). They should also, when the facts require, consider the marital debts in conjunction with associated marital property. *Houghland v. Houghland,* 844 S.W.2d 619, 624 (Tenn. Ct. App. 1992); *Mondelli v. Howard,* 780 S.W.2d 769, 773 (Tenn. Ct. App. 1989).

---

[3]Mr. Selby cosigned the note when Ms. Selby refinanced the mortgage on the duplexes in September 1992. He also worked on a full-time basis from 1990 to 1994 to improve and maintain the duplexes.

[4]The local rules of court for the Sixteenth Judicial District require parties in contested divorce proceedings to file a statement identifying the disputed issues and the witnesses they expect to call. It also requires the parties to identify and value all separate and marital property. The form provided in the local rules greatly assists the trial court in valuing and distributing the parties' marital estate.

The trial court should have considered both the increase in market value and the decrease in the associated debt when it calculated the increase in the equity of the six Glaze Court duplexes during the marriage. Mr. Selby brought this oversight to the trial court's attention in a timely post-trial motion. Accordingly, I would remand the case with directions that the trial court recalculate the increase in the equity of the six Glaze Court duplexes and then determine whether adjustments should be made in its original distribution of the marital estate. Placing a higher value on this increase in equity does not necessarily require a different distribution of marital property since Tenn. Code Ann. § 36-4-121(a)(1) (1996) requires an equitable division, not necessarily an equal one. *Ellis v. Ellis,* 748 S.W.2d 424, 427 (Tenn. 1988); *Batson v. Batson,* 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).

_____
WILLIAM C. KOCH, JR., JUDGE