GINA LEE (BLACK) BRADLEY,　　　)

# FILED

**October 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

　　　　　　　　　　　　　　)

　　Plaintiff/Appellee,　　　　)

　　　　　　　　　　　　　　)　　Appeal No.
v.　　　　　　　　　　　　)　　01A01-9806-CV-00317

　　　　　　　　　　　　　　)

KARL DAVIS BRADLEY,　　　　)　　Sumner Circuit

　　　　　　　　　　　　　　)　　No. 16933

　　Defendant/Appellant.　　　)


COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CIRCUIT COURT FOR SUMNER COUNTY,
AT GALLATIN, TENNESSEE


THE HONORABLE THOMAS GOODALL, JUDGE


GINA LEE BRADLEY, Pro Se
113 Fountainhead Road
Portland, Tennessee 37144


R. EDDIE DAVIDSON
601 Woodland Street
Nashville, Tennessee 37206
　　ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED


WILLIAM B. CAIN, JUDGE

# O P I N I O N


Gina Lee Bradley and Karl Davis Bradley were married May 14, 1988 and separated April 18, 1997.  Two children were born of the marriage to-wit: Kassie Lea Bradley, born March 28, 1990 and Kallie Faye Bradley, born September 22, 1994.


Wife filed suit for divorce on April 28, 1997, alleging inappropriate marital conduct together with other grounds for divorce.  She sought custody of the minor children, child support, equitable distribution of marital property including equitable debt distribution, spousal support and attorney fees.


Following a positive result from a cocaine drug screen of the husband, the court entered on May 15, 1997, a temporary support order setting $200.00 per week as child support.


The parties attempted a reconciliation and entered an agreed order to that effect July 31, 1997.  This order was subsequently set aside by the court on December 29, 1997.  That December order reads in pertinent part:

> This cause came on to be heard . . . upon motion of . . . Wife . . . to set aside the *Order of Reconciliation* and award her exclusive possession of the parties' homeplace, as well as support.  It was announced in open Court that the issues of exclusive possession of the homeplace and support are stricken from the motion at the present time, therefore, the Court hereby sets aside the *Order of Reconciliation* and this matter is placed back on the Court's active docket.

By order dated March 31, 1998, the court declared the parties divorced pursuant to Tennessee Code Annotated section 36-4-129, reserving the issue of fault until final hearing set for April 30, 1998.

The case was tried on April 30, 1998, and on May 15, 1998 a final decree of divorce was entered assessing fault to the Husband on the basis of inappropriate marital conduct and granting divorce to the Wife. Custody of the minor children was vested in the Wife subject to reasonable visitation privileges and the child support was set at $200.00 per week, based upon earning capacity or earnings of the Husband equal to $2,700.00 per month net. Visitation for the Husband was set and marital property and debt allocated, along with a grant of alimony in solido to the Wife, together with attorney fees.

Karl Davis Bradley appeals and asks for appellate review of ". . . the award of alimony, property division, and allocation of debt. All other rulings of the trial court are unchallenged."

During the pendency of the appeal, Gina Lee Bradley filed a petition and was subsequently granted a discharge in United States Bankruptcy Court. The stay order having been lifted following the discharge, Gina Lee Bradley is before this Court pro se.

Karl Davis Bradley was a residential building contractor and Gina Lee Bradley was housewife, mother, and valuable assistant in the building business. At the time of the separation of the parties, three separate residential structures were at various stages of construction, one located on Nakita Drive, one located on Carlin Drive, and the third being occupied as the home of the parties, located on Fountainhead Road. The parties were heavily in debt, primarily for construction loans on these properties. Husband does not contest the fault assessment and grounds below. He does not contest custody or child support but solely the property division and the division of debt.

We must begin by observing that under Tennessee Code Annotated section 36-4-121, wide discretion is given to the trial court in the equitable disposition both of marital property and of marital debt. *See e.g. Hanover v. Hanover*, 775 S.W.2d 612, 614 (Tenn. App. 1989); *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 243 (Tenn. App. 1995).

In this case the trial court gave to the Husband the Nakita Drive property, the Carlin Drive

property, the Z71 Chevrolet pickup truck, all construction and business equipment including John Deere tractor with backhoe attachment, tools and trailer. The Wife received the Fountainhead property and her $4,000.00 401K account.

The real problem asserted by the Husband is the allocation of marital debt. He asserts that the trial court allocated $273,197.35 in marital debt to him and only $392.00 in marital debt to the Wife. This alleged allocation of debt overlooks two significant factors established by the proof but not set forth in the court order. First of all, the great majority of the total debt results from the construction business operated by the Husband. By his own valuation, the combined value of the Nakita Drive property and the Carlin Drive property, both of which were assigned to him, was $225,900.00. Also by his calculation this value was offset by $243,958.86 of debt constituting liens upon the Nakita and Carlin property. This left him assuming debt attributable to these two properties which debt was in excess of his assertion of value by $18,058.86. As to the Fountainhead property which was allocated to the Wife and was the home for the Wife and children, Husband valued it at $99,500.00 and subject to liens of $89,523.43. The trial court attempted to fashion a remedy whereby this property could be maintained by the Wife as a home place for the children and, in furtherance of this desire, required the Husband to assume half of the debt on this property. In referring to this disposition the trial court stated: "As a part of the division of the marital estate and in part alimony in solido, the Husband is ordered to pay one-half (½) of this obligation in the amount of $44,761.50."

Since the Husband received all of the tools and equipment involved in his continuing construction business, and the record indicates his earning capacity to be considerably in excess of the Wife's, the division of marital assets and debts, though unequal, is certainly not inequitable so as to constitute an abuse of the discretion of the trial court. *Watters v. Watters*, 959 S.W.2d 585 (Tenn. App. 1997); *Wade v. Wade*, 897 S.W.2d 702 (Tenn. App. 1994).

The transcript of the testimony contains nothing concerning alimony of any sort. The portion of the decree intimating that the order for the Husband to assume half of the Fountainhead Road debt is alimony in solido is modified and deleted, but the result reached by the trial court in this case is equitable and certainly not an abuse of discretion so as to justify appellate reversal. The judgment of the trial court is in all respects affirmed. The case is remanded for such further proceedings as may be necessary consistent with this opinion.

Costs of this cause are taxed against the appellant.


_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE