\          IN THE COURT OF APPEALS OF TENNESSEE
                    AT NASHVILLE
                 April 10, 2000 Session

## MARK A. SAMMARTANO v. HELEN SAMMARTANO

**Appeal from the Chancery Court for Williamson County**
**No. II-25574     H. Denmark Bell and Russell Heldman, Chancellors**

_____

**No. M1999-00415-COA-R3-CV - Filed November 22, 2000**

_____

In this divorce case, the defendant/wife appeals complaining of an inequitable division of marital assets, an inadequate award of rehabilitative alimony and the denial of attorney fees.  As modified herein, we affirm the decision of the trial court

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J.,  joined.

Bill Easterly, Nashville, Tennessee, for the appellant, Helen Sammartano.

Joanie L. Abernathy, Franklin, Tennessee, for the appellee, Mark A. Sammartano.


**OPINION**

        Mark Sammartano ("Husband") and Helen Sammartano ("Wife") were married in 1983 and divorced in April 1999.  They had no children.

        In the early years of the marriage, Husband attended night school attaining a degree in computer science.  Wife attained an associates degree from a college in Pennsylvania and worked initially as a medical secretary.  The parties moved to Tennessee in 1994 when Husband accepted a job with Arenda Health Corporation.

        The parties enjoyed a relatively high standard of living which included a 4000 square foot home in Franklin, Tennessee, expensive jewelry and frequent travel.  Husband's income over the last five years of the marriage ranged from an annual salary of $100,000 in 1994 to $140,000 in 1998 and 1999.  Husband changed jobs in October 1996, moved to an apartment in Cleveland, Ohio, and flew home to Franklin on weekends.  The parties separated on March 13, 1998, and in August 1998,

Husband accepted employment in Reading, Pennsylvania with the Landau Group. Following the separation of the parties, Wife, in June 1998, left the marital home in Franklin to live with her sister in Atlanta, Georgia.

The proof established that, at the time of the separation of the parties on March 13, 1998, Husband packed his belongings and drove to Cleveland, Ohio. Shortly thereafter, Wife abandoned the marital home to live with her sister in Atlanta, Georgia. Subsequent to the separation, Husband became intimate with one Mary Fisher in Cleveland, and in August 1998, Husband and Ms. Fisher began living together in Reading, Pennsylvania. Husband testified to several sources of friction in the marriage including Wife's desire for expensive jewelry, her behavior at public functions, and an incident involving a homosexual male guest in the marital home clad only in his underwear.

The trial court granted a divorce to Wife on the grounds of inappropriate marital conduct, and the order granting the divorce was entered April 5, 1999. Final judgment in the case was withheld until May 21, 1999, from which Wife appeals.

Wife's first issue on appeal asserts that the trial court failed to make an equitable division of the marital assets pursuant to Tennessee Code Annotated section 36-4-121 (1996) when it failed to consider Husband's *pendente lite* payments made from marital property and his frequent flyer miles. The record indicates gross marital property valued at $302,575 consisting of the equity in the marital residence, three automobiles, retirement accounts, bank accounts, and household goods and furnishings. In dividing this marital property, the trial court awarded Husband marital property valued at $151,400 and awarded Wife marital property valued at $151,175.

In construing distribution of marital property under Tennessee Code Annotated 36-4-121, certain rules are clear.
1)      Fault is not a factor that is to be considered. *Fisher v. Fisher*, 648 S.W.2d 244 (Tenn. 1983.
2)      Ownership of marital property is presumptively equal. *Salisbury v. Salisbury*, 657 S.W.2d 761 (Tenn. Ct. App. 1983).
3)      The test is not whether the division of marital property is equal, but whether or not it is equitable. *Word v. Word*, 937 S.W.2d 931 (Tenn. Ct. App. 1996).
4)      Great weight is given on appeal as to the decision of the trial court in dividing marital assets, and such division will not be disturbed absent a misapplication of the statutory requirements. *Wade v. Wade*, 897 S.W.2d 702 (Tenn. Ct. App. 1994).

The parties also had marital debts totaling $46,314. These debts included mortgage payments on the marital home for April and May 1999, credit card debts, medical bills of Wife, and a loan on an automobile. These marital debts were allocated by the court $39,514 to Husband and $6,800 to Wife. Thus, the total net value of marital property for distribution was $256,261 with the court awarding $111,886 (44%) to Husband and $144,375 (56%) to Wife.

The trial court has the same authority under Code section 36-4-121 to apportion marital debts as it has to apportion marital assets, and the judgment of the trial court in this respect will not be

disturbed on appeal except for abuse of discretion. *Cutsinger v. Cutsinger*, 917 S.W.2d 238 (Tenn. Ct. App. 1995).

Wife asserts that a $20,000 gift from her mother helped the parties to buy their first home and that such gift was separate property rather than marital property. The record showed that their first home was purchased as tenants by the entirety for $60,000 and sold for $105,000. Their second home was purchased as tenants by the entirety for $130,000 and sold for $175,000. Their third home was purchased as tenants by the entirety for $190,000 and sold for $219,000. The marital home of the parties at the time of the divorce had been purchased in tenancy by the entirety. "When spouses acquire real property as joint tenants, a rebuttable presumption exists that the purchasing spouse made a gift to the marital estate. *Barnhill v. Barnhill*, 826 S.W.2d 443, 452 (Tenn. Ct. App. 1992); *Batson v. Batson,* 769 S.W.2d 849, 858 (Tenn. Ct. App. 1998)." *Kincaid v. Kincaid*, 912 S.W.2d 140, 142 (Tenn. Ct. App. 1995).

The record discloses no evidence of any effort by Wife to separate this alleged $20,000 gift as separate property until the divorce hearing in this case. From our review of the entire record, we cannot say that the evidence preponderates against the finding inherent in the trial court's judgment that the presumption of a gift to the marital estate was not overcome.

Wife further complains that the arrangement agreed to by the parties for *pendente lite* support at a rate of $3,000 per month beginning November 1, 1998, was actually funded by her sale of $26,000 worth of stock that was marital property. The record does not show that Wife expended the total $26,000 sale price of the stock in issue for her own support and maintenance, and her accounting for her expenditures from this stock sale left much to be desired as to her duty under the agreed order to "preserve the asset to the extent possible." In its final judgment, the trial court made what it considered to be an equitable distribution of marital assets under which, when marital debt is taken into consideration, Wife received more than an equal share of the total marital estate. We cannot say, on this record, that the trial court abused its discretion in its distribution of marital property.

The last assertion by Wife as to inequitable distribution of marital property concerns the failure of the trial court to divide the frequent flyer miles accumulated by Husband. This matter is raised for the first time on appeal and the trial court cannot be faulted for failure to consider frequent flyer miles.

The next issue on appeal asserts that the trial court erred in its award of rehabilitative alimony. In this respect we find from the record that the award by the trial court is inadequate both as to amount and length of time. The two most critical factors in the determination of alimony under Tennessee Code Annotated section 36-5-101 (1999) are the need of the disadvantaged spouse and the ability to pay by the other spouse. *Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn. Ct. App. 1984).

Wife is presently 48 years of age and has been absent from the work force for a number of years. A return to the work force demands improvement of her skills and continuation of her education. As to the ability of Husband to pay, he has a net monthly income of $7,219.48 and has been relieved of the necessity of paying the first and second mortgage on the former marital residence. The judgment of the trial court is, thus, modified to increase rehabilitative alimony from $1,000 per month, as awarded by the trial court, to $2,000 per month for a period of 24 months, beginning June 1, 1999 and terminating May 1, 2001.

The last issue asserted by Wife is the failure of the trial court to require Husband to pay her attorney fees. Wife received a substantial portion of liquid marital assets, and we cannot find from this record that the evidence preponderates against the decision made by the trial court to require each party to pay their respective attorney fees. *Umstot v. Umstot*, 968 S.W.2d 819 (Tenn. Ct. App. 1997).

As modified herein, the judgment of the trial court is affirmed and costs on appeal are assessed equally to the parties.

_____
WILLIAM B. CAIN, JUDGE