IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 6, 2004 Session

## DONNA WOODS HARTMAN  v. PATRICK ERWIN HARTMAN

**Appeal from the Chancery Court for Maury County**
**No. 99-441     Jim T. Hamilton, Judge**

_____

**No. M2003-00805-COA-R3-CV - Filed December 30, 2004**

_____

WILLIAM B. CAIN, J., concurring.

I concur in the results of the opinion written by Judge Clement under the facts of this case and also concur in the holding that the method of presenting evidence to the trial court characterized as a "mediation" or an "Alternative Dispute Resolution Procedure" qualifies as neither under Tenn. S. Ct. R. 31.

Being a "graduate" of the Twenty-Second Judicial District, I am familiar with the unorthodox procedure used in this case to short-circuit an open court trial. Whatever its merits in the trial court may be, it is a procedure almost certainly doomed to failure on appeal. Judge Cottrell aptly described the procedure in *Thomas v. Thomas*, M2001-01226-COA-R3-CV (Tenn. Ct. App. August 2, 2002):

> If, in fact, the parties below simply agreed to an alternative method for getting evidence before the trial court upon which the court was to base its ruling, the result of that agreement was a waiver of the right to present additional relevant testimony through other witnesses with knowledge of the facts, the right to be present when the other party testified, and the right to cross-examination, all of which are waivable. Although the trial court apparently authorized court reporters to be present at the separate presentation of each party, neither party took advantage of this offer. The combination of this decision and the waiver of the right to be present during the other party's testimony resulted in neither party knowing the details of the other's testimony, even after the fact, and the subsequent inability to preserve that testimony for appellate review either through a transcript or a statement of the evidence.

The flaws in such a procedure, particularly to any party contemplating an appeal, are so obvious that it is hardly useful to discuss them. There will be no transcript of the evidence presented in the in-camera proceedings before the trial court. A Tenn. R. App. P. 24 statement of the evidence is, as a practical matter, near impossible since neither attorney knows what either of the parties stated

to the trial judge. With no testimonial record on appeal in this type of fact-sensitive case possible, an appeal limited solely to questions of facts is futile.

Nonetheless, if competent parties both represented by competent counsel, are in full agreement to the employment of such an unorthodox procedure, there appears to be no reason why they cannot waive the right to confrontation and cross examination and agree to a procedure that makes a fact-based appeal useless.

Our limited experience with appeals from this unconventional method of trial has borne out the futility of a fact-based appeal. In *Thomas v. Thomas* a judgment of the trial court was affirmed because there was neither a transcript of the evidence nor a statement of the evidence, thus compelling affirmance on the facts. *Sherrod v. Wicks*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

The same thing happened in *King v. King*, M2001-00275-COA-R3-CV (Tenn. Ct. App. Dec. 13, 2001). Lack of a testimonial record compelled affirmance on the facts although this court reversed the trial court on the failure to set child support, holding that such violated public policy. *Berry Hill v. Roads*, 21 S.W.3d 188 (Tenn. 2000).

I join the court in discouraging future use of this unorthodox procedure, particularly in the absence of a stipulation on the record that in utilizing such a procedure every party is, in effect, waiving any appeal based on the facts of the case.

In this particular case, the $75,000 award to the Wife for contributions to the former medical practice of the Husband must be vacated. The medical practice was not in existence at the time the divorce action was filed in July 1999, it having been closed in 1997. It, thus, cannot be a marital asset. *Cutsinger v. Cutsinger,* 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995).

With these brief comments, I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE