IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

## BERNARD KEITH RICHARDSON v. CASSANDRA YVETTE RICHARDSON

**Appeal from the Circuit Court for Hamilton County
No. 17D723   Ward Jeffrey Hollingsworth, Judge**

—————————————————

### No. E2019-02108-COA-R3-CV

—————————————————

Husband appeals the trial court's decisions regarding the classification and division of property relative to divorce. We affirm the decision of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J, joined.

Jacqueline Strong Moss, Chattanooga, Tennessee, for the appellant, Bernard Keith Richardson.

Camellia Saunders, Knoxville, Tennessee, for the appellee, Cassandra Yvette Richardson.

### MEMORANDUM OPINION[1]

#### FACTUAL AND PROCEDURAL HISTORY

This case involves property distributed relative to a divorce. The parties,

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Bernard Keith Richardson ("Husband") and Respondent/Appellee Cassandra Yvette Richardson ("Wife") were married in 2005. Two children were born of the marriage. On March 24, 2017, Husband filed a complaint for divorce on the grounds of inappropriate marital conduct and irreconcilable differences. Wife filed an answer and counter-petition for divorce on May 5, 2017, conceding that irreconcilable differences existed.[2] Mediation occurred but proved unsuccessful.

The divorce was eventually heard on May 7, 2019. No court reporter was present for the hearing, but the record contains a statement of the evidence. The statement of the evidence contains the following facts relevant to this appeal:

### IX. Marital Residence:

1. []Husband testified that he purchased the house prior to marriage.
2. Witness Beverly Richardson, testified that Husband purchased the home prior to the marriage.
3. Trial Judge[] took judicial notice that the house was purchased four years before the parties met.
4. []Wife testified that she did not contribute to any of the mortgage payments or the household debt.
5. []Husband testified that he paid the mortgage and all household debt.

\* \* \*

### X. Separate Property of the Parties:

Appellee/Wife testified . . . to the existence of a 401K as a premarital property valued at $26,009.00 from her employment with All State prior to the marriage.
1. At trial, []Wife entered into evidence a[n] Allstate 401K Q4 Account Statement dated 01/06/2018, which shows the value of her pre-marriage employment 401K plan with All State valued at [] $55,945.32 as of January 6, 2018, which reflects a $20,406.36 increase in value over the course of the marriage.
2. The Court designated Wife's 401K from her employment with All State as separate property valued at $55,915.35.
3. [Wife] testified at trial that no part of her 401K plan has been used to offset or assist [Husband's] payments towards the debts of the marriage.

---

[2] Wife's response to Husband's claim of inappropriate marital conduct is unclear. In responding to this allegation in Husband's complaint, Wife denied Husband's allegations. In her counter-complaint, however, Wife stated that "Wife avers that Wife is guilty of inappropriate marital conduct" that would entitle Husband to either a separation or a divorce.

(Internal citations omitted).

The trial court entered a memorandum opinion and final decree of divorce on June 27, 2019. With regard to marital property, the trial court ruled that Wife's 401(k) from her employment before the marriage was her separate property, while only a portion of Husband's pension was separate property because it represented both pre-marriage and during-marriage income. The trial court ruled, however, that it was "impossible to assign any value to either [] the separate or marital portion of the pension benefits" due to a "lack of proof." Each party was therefore awarded the entirety of their respective retirement accounts.

The trial court further found that the marital home was purchased by Husband prior to the marriage, but was transmuted into marital property. The trial court valued the home at $106,255.00 and noted that $86,659.00 was still due on the mortgage. Wife was awarded possession of the marital home because she was named the primary residential parent of the parties' two minor children, who had lived in the marital home all their lives. As Husband was the higher income earner, Husband was also ordered to pay the mortgage on the property for three years following the decree of divorce as rehabilitative alimony. Wife was directed to obtain refinancing of the property to remove Husband from the mortgage within three years of the divorce or the property would be sold. Once sold or refinanced, Husband was to be awarded $10,000.00 to represent his equitable share in the equity in the home. In addition to the alimony in the form of the mortgage payment, Husband was ordered to pay rehabilitative alimony of $300.00 per month. The trial court also made other rulings relative to the remaining personal property, the permanent parenting plan, and the other remaining issues in the case.

Both parties filed motions to alter or amend, which the trial court granted in part and denied in part. The trial court did not, however, alter its rulings with regard to the marital home or retirement accounts. Husband thereafter appealed to this Court.

## ISSUES PRESENTED

Husband raises the following issues, which are taken and slightly restated from his brief:

1. Whether the trial court committed reversible error in failing to classify and award to Husband property acquired prior to the marriage, absent a finding that said property had been transmuted to marital property.
2. Whether the trial court erred in its classification and division of marital assets and debts.

## DISCUSSION

The only disputes in this case designated as issues by Husband involve issues of property. The statutes governing divorce, Tennessee Code Annotated section 36-4-101 *et seq.*, direct the courts to divide marital property equitably "without regard to marital fault in proportions as the court deems just." Tenn. Code Ann. § 36-4-121. Marital property includes all types of property acquired during the course of the marriage. Tenn. Code Ann. § 36-4-121(b)(1)(A). However, a spouse's separate property is not subject to division by statute. ***Barnhill v. Barnhill***, 826 S.W.2d 443, 451 (Tenn. Ct. App. 1991). A spouse's separate property includes "[a]ll real and personal property owned by a spouse before marriage." Tenn. Code Ann. § 36-4-121(b)(2)(A).

There is no dispute that the real property at issue was acquired by Husband prior to the marriage, and was therefore his separate property absent some circumstance that converted the property to marital property. Tennessee courts have recognized two possible methods whereby property that is separately owned can be converted into marital property for the purpose of equitable division in divorce cases. The method relevant in this appeal is transmutation, which takes place when the parties treat separate property in such a way as to reflect an intention that it become marital property. ***Langschmidt v. Langschmidt***, 81 S.W.3d 741, 747 (Tenn. 2002). Transmutation may occur, for example, when the separate property of one spouse is used to purchase other property, which is then placed in the name of both spouses. ***Barnhill***, 826 S.W.2d at 451. However, "'[i]n the final analysis, the status of property depends not on the state of its record title, but on the conduct of the parties.'" ***Cohen v. Cohen***, 937 S.W.2d 823, 832 n. 12 (Tenn. 1996) (quoting ***Mondelli v. Howard***, 780 S.W.2d 769, 774 (Tenn. Ct. App. 1989)). Whether title has been conveyed to the non-owner spouse is not determinative of whether the property is marital. ***Cohen***, 937 S.W.2d at 832 n.12.

Whether an asset is separate property or marital property is a question of fact. ***Cutsinger v. Cutsinger***, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995). The trial court's findings of fact are reviewed de novo with a presumption of correctness unless the evidence preponderates otherwise. ***In re Estate of Walton v. Young***, 950 S.W.2d 956, 959 (Tenn. 1997); Tenn. R. App. P. 13(d). The trial court's overall division of property, however, is reviewed for an abuse of discretion. ***Owens v. Owens***, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). The same is true of decisions concerning alimony. *See* ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 105 (Tenn. 2011) ("Tennessee law has recognized that trial courts should be accorded wide discretion in determining matters of spousal support."). "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." ***Id.*** (citing ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011)).

Even though Husband's principal argument on appeal appears to be that the trial court erred in finding that the home he purchased pre-marriage had been transmuted into marital property, one of the issues he designates, as set forth *supra*, suggests that the trial

court did not make any finding that the property was transmuted. Respectfully, we disagree. The trial court did in fact expressly find that the marital home was transmuted into marital property:

> The parties have shared the house as the marital residence since the wedding. They paid the mortgage with marital funds. They raised their sons in that home. The Husband testified that he refinanced the house and used the cash to pay marital debts. The Court finds that the home [] has been transmuted to marital property by the actions of the Husband.

Husband also makes a rather confusing argument that the trial court did not "temper the quest to protect a disadvantaged spouse[,]" i.e., Wife, "by engaging in a rigorous analysis of the factors laid out in [Tennessee Code Annotated section] 36-5-101(d)(1)." Husband also asserts more generally that the trial court erred in failing to address "which [of the] statutory factors influenced its decision to in effect transmute the home." Respectfully, both the statute and case cited for this argument are inapposite to the question of how to classify property in a divorce. *See* Tenn. Code Ann. § 36-5-101 (governing awards of child support); *Shadoin v. Shadoin*, No. 85-218-II, 1986 WL 8975, at *3 (Tenn. Ct. App. Aug. 20, 1986) (stating that in determining an appropriate amount of alimony and child support, the principle that undue hardship should not be inflicted against the innocent spouse must be considered in addition to all of the relevant factors under a prior version of section 36-5-101(d), which governed alimony payments). Husband has simply not designated as an issue on appeal either the trial court's alimony or child support rulings. *Cf. State v. Freeman*, 402 S.W.3d 643, 653 (Tenn. Ct. App. Oct. 16, 2012) ("Generally, an issue argued in the body of the brief, but not designated as an issue will be considered waived"). And the current version of 36-5-101(d) does not contain any factors that should be considered in ruling on any issue, much less issues of marital property classification. *See* Tenn. Code Ann. § 36-5-101(d) (discussing how child support payments are to be distributed when paid to the clerk or through the state's central collection and disbursement unit). It is therefore entirely unclear to which factors Husband is referring.[3]

We note that Tennessee *courts* have enumerated a number of factors that courts "look to . . . to determine whether a home owned by a spouse prior to marriage has become marital property through transmutation[.]" *Dover v. Dover*, No. E2019-01891-COA-R3-CV, 2020 WL 7224368, at *5–6 (Tenn. Ct. App. Dec. 8, 2020). The four most common factors include: "(1) the use of the property as a marital residence; (2) the ongoing

---

[3] Tennessee statutory law does provide certain factors to be considered in determining an equitable division of marital property. *See generally* Tenn. Code Ann. § 36-4-121(c). Husband cites only one of these factors, regarding the value of separate property, in his table of authorities. Husband does not, however, specifically cite to this statutory factor in his argument section. Moreover, we note that these factors are relevant in determining how to divide marital property, not in classifying property as marital or separate. *See id.* (stating that the factors are to be used "[i]n making equitable division of marital property"). We consider Husband's issue regarding the division of marital property, *infra*.

maintenance and management of the property by both parties; (3) placing the title to the property in joint ownership; and (4) using the credit of the non-owner spouse to improve the property." *Hayes v. Hayes*, No. W2010-02015-COA-R3-CV, 2012 WL 4936282, at *12 (Tenn. Ct. App. Oct. 18, 2012) (citing *Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407, at *5 (Tenn. Ct. App. Sept. 1, 2006)). These factors, however, are not exclusive. *Lewis v. Lewis*, No. W2019-00542-COA-R3-CV, 2020 WL 4668091, at *4 (Tenn. Ct. App. Aug. 11, 2020) (citing *Fox*, 2006 WL 2535407, at *5). The use of marital funds to pay off or improve the property have also been deemed relevant. *Id.* (citing *Owens*, 241 S.W.3d at 486 (finding husband's interest in real property was marital when he used marital funds to pay the mortgage for twenty years)).

The trial court's order does not specifically reference these factors. The trial court's order does, however, appear to address some of the relevant factors in its general findings. For example, the trial court specifically found that the parties used the home as their marital residence, the first factor in *Hayes*. The trial court also found that marital funds were used to pay the debt on the property and that Husband refinanced the home to pay marital debts. *See Lewis*, 2020 WL 4668091, at *4. Still, Husband makes much of the fact that he was the primary income earner during the parties' marriage. He therefore argues that only he contributed to the property's management.

Tennessee law, however, does not discount the contributions made by homemakers to property. *Cf.* Tenn. Code Ann. § 36-4-121 ("In making equitable division of marital property, the court shall consider all relevant factors including: . . . [t]he contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role[.]"). The statement of the evidence provides that Husband admitted at trial that the parties agreed that Wife would stay home to parent the parties' children. Thus, while Husband may have been the sole wage earner in the family, he was certainly not the only contributor to the maintenance of the property at issue. Indeed, in a similar case, this Court held that the fact that one spouse was the primary income-earner did not defeat a claim of transmutation:

> Admittedly, while Wife assumed more responsibility for the Property than Husband, in addition to performing her role as the primary wage earner, it is undisputed that Wife used marital funds, her earnings during the marriage, to pay the mortgage, property taxes, and expenses to maintain the Property. For these and other reasons apparent from the record, we find that the evidence preponderates against the trial court's finding that the Property did not transmute to marital property and remand with instruction for the Property to be classified as marital property.

*Lewis*, 2020 WL 4668091, at *5. Because similar circumstances are present in this case,

we conclude that the evidence does not preponderate against the trial court's finding that the marital home was transmuted into marital property.

In a rather conclusory fashion, Husband also takes issue with the trial court's decision to award the marital home to Wife. Tennessee Code Annotated section 36-4-121(a)(2) gives trial courts discretion to equitably divide marital property. And Rule 7 of the Rules of the Court of Appeals of Tennessee requires that appellants taking issue with the classification and division of marital property file a table in a form substantially similar to the one contained in the rule, with citations to the record to support the information contained therein. *See* Tenn. Ct. App. R. 7. Husband's brief includes a table but it is woefully inadequate and it is riddled with errors.[4] For one, the table, like the entire argument section of Husband's brief,[5] contains no citations to the record. As best we can tell, the table also indicates that the trial valued the marital home at $112,510.00 based on Wife's trial testimony. However, the trial court actually valued the home at $106,255.00, a figure between the values assigned by Husband and Wife. The table also assigns as marital debts all of Husband's future alimony payments and child support obligations. None of these payments, and in particular the alimony payments of $300.00 per month and the ongoing child support obligation, are marital debts. *Cf.* **Roseberry v. Roseberry**, No. 03A01-9706-CH-00237, 1998 WL 47944, at *2 (Tenn. Ct. App. Feb. 9, 1998) ("We believe that, generally, when the court does not specify the character of mortgage payments either as child support or alimony, the mortgage indebtedness is to be considered as a marital debt to be weighed in the division of the marital estate between the parties and is not to be considered child support."). Indeed, Husband's table states that Husband's alimony obligation is $400.00 per month in addition to the mortgage; the actual amount ordered by the trial court was $300.00 per month. This table therefore does not meet either the letter or the spirit of the requirements under Rule 7.

In any event, we conclude that Husband has failed to meet his burden to show an abuse of discretion in the trial court's decision. *See* **Owens**, 241 S.W.3d at 490. Husband cites no law to support his conclusory assertion that the trial court erred in awarding the home to Wife,[6] particularly given the fact that she was named primary residential parent of the parties' minor children. As previously discussed, Husband also failed to even cite Tennessee Code Annotated section 36-4-121(c) in the argument section of his brief or to assert that the trial court erred in its consideration of any of the relevant factors. In fact, Husband's brief also makes no argument that the trial court's decision to award the home to Wife makes the overall property division inequitable; Husband's brief does not even

---

[4] The table is largely sufficient to address Husband's argument concerning the classification of the parties' separate property. Problems emerge, however, when considering Husband's argument that the division of marital property was also in error.

[5] Rule 27(a) of the Tennessee Rules of Appellate Procedure likewise requires citations to the record in the argument section of briefs.

[6] Husband also asserts, with absolutely no evidentiary support, that awarding the home to Wife will result in waste and the diminution of its value.

- 7 -

calculate the actual assets and liabilities awarded to each party, much less either party's proportion of the overall estate. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Supreme Court***, 301 S.W.3d 603, 615 (Tenn. 2010). Although Husband ostensibly raises the division of marital property as an issue, he has failed to construct an argument to persuade us that the trial court in any way abused its discretion in awarding the marital home to Wife. The trial court's decision to award the home to Wife is therefore affirmed.

Husband next disputes the trial court's finding that Wife's 401k account was separate property. Although there is no dispute that Wife acquired this account prior to the marriage, Husband appears to assert that the amount the account increased in value during the marriage, i.e., "the appreciation of separate property," is marital property. This issue is governed by Tennessee Code Annotated section 36-4-121(b)(1):

> (B)(i) "Marital property" includes income from, and any increase in the value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation;
>> (ii) "Marital property" includes the value of vested and unvested pension benefits, vested and unvested stock option rights, retirement, and other fringe benefit rights accrued as a result of employment during the marriage;
>> (iii) The account balance, accrued benefit, or other value of vested and unvested pension benefits, vested and unvested stock option rights, retirement, and other fringe benefits accrued as a result of employment prior to the marriage, together with the appreciation of the value, shall be "separate property." In determining appreciation for purposes of this subdivision (b)(1)(B)(iii), the court shall utilize any reasonable method of accounting to attribute postmarital appreciation to the value of the premarital benefits, even though contributions have been made to the account or accounts during the marriage, and even though the contributions have appreciated in value during the marriage; provided, however, the contributions made during the marriage, if made as a result of employment during the marriage and the appreciation attributable to these contributions, would be "marital property." When determining appreciation pursuant to this subdivision (b)(1)(B)(iii), the concepts of commingling and transmutation shall not apply; . . . .

The above statute makes clear that whether the increases in value of separate property are marital depends on "if each party substantially contributed to its preservation and appreciation[.]" Tenn. Code Ann. § 36-4-121 (b)(1)(B)(i). Moreover, with regard to

retirement benefits specifically, balances that accrued "as a result of employment prior to the marriage" and "the appreciation of the value, shall be 'separate property.'" Tenn. Code Ann. § 36-4-121 (b)(1)(B)(iii). Under the second provision (subsection (iii)), only if "contributions [to the retirement accounts were] made during the marriage . . . as a result of employment during the marriage and the appreciation [is] attributable to these contributions" would the property be classified as "'marital property.'" *Id.*

Here, the trial court ruled that this account remained Wife's separate property because no evidence was presented to show any contribution to the account during the marriage. Nothing in the statement of the evidence contradicts this finding. Rather, it appears that Wife did not work during the marriage. Because the evidence shows that there was no substantial contribution to the account during the marriage by either party or through Wife's employment, the trial court did not err in ruling that the value of the 401k account remained Wife's separate property.

Husband also appears to take issue with the trial court's rulings regarding the payment of the mortgage, the purportedly nebulous instructions for Wife to refinance the property, and the award of a set amount as his marital interest in the property, rather than a set percentage. His arguments are nothing more than vague, unsupported assertions. As an initial matter, the trial court ruled that the mortgage payments were in the nature of rehabilitative alimony. As previously discussed, however, Husband did not designate the trial court's alimony award as an issue on appeal. And to the extent that he is contesting the alimony award, he has not persuaded this Court that the award was erroneous. For example, nothing in Husband's brief specifically asserts that Wife does not need the support awarded or that he is unable to pay the support, two of the most important factors in determining an alimony award. *See* **Riggs v. Riggs**, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007) (citing **Robertson v. Robertson**, 76 S.W.3d 337, 342 (Tenn. 2002)) (holding that in setting an alimony award, the court should consider a number of factors, but "the two that are considered the most important are the disadvantaged spouse's need and the obligor spouse's ability to pay"); *see also* Tenn. Code Ann. § 36-5-121(i) (outlining all of the statutory factors that should be considered in determining an award of alimony). Rather, Husband's main quarrel with the trial court's order is that it does not properly incentivize Wife to work. But he cites no law to illustrate that it is an abuse of discretion to award three years of rehabilitative alimony to a mother with two minor children who, by agreement, did not work during a marriage of over ten years duration. *Cf.* **Sneed**, 301 S.W.3d at 615. This issue is therefore without merit.

The issues that plague Husband's alimony argument are equally present with regard to his remaining arguments. Specifically, Husband cites no law in support of his rather vague claims that the trial court erred in not giving "a specific timeline" for Wife's duty to refinance the property, or in assigning Husband a set value for his interest in the marital property. In general, "[t]he trial court is empowered to do what is reasonable under the circumstances and has broad discretion in the equitable division of the marital estate." **Keyt**

*v. Keyt*, 244 S.W.3d 321, 328 (Tenn. 2007). "It is not this court's role to tweak the manner in which a trial court has divided the marital property." *Farnham v. Farnham*, 323 S.W.3d 129, 141 (Tenn. Ct. App. 2009) (citing *Morton v. Morton*, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005)).

Here, the trial court did provide detailed instructions for Wife's efforts to refinance the home. Specifically, the trial court ordered that Wife has three years to obtain refinancing, at which time the property will either be refinanced and she will be solely responsible for the mortgage, or the home will be sold. We have held that even less detailed instructions in this context were not an abuse of discretion. *See Ingram v. Ingram*, No. W2017-00640-COA-R3-CV, 2018 WL 2749633, at *12 (Tenn. Ct. App. June 7, 2018) (holding that the trial court did not abuse its discretion when it ordered the wife to make reasonable efforts to refinance the home but refused to order her to sell the home if refinancing did not occur). In that case, the spouse raising the issue failed to cite any law to support his argument and failed to fully develop the argument on appeal. *Id.* The same is true of Husband's argument in this case, and he has likewise failed to demonstrate that the trial court's decisions were inappropriate. We therefore decline to "tweak" the trial court's marital property decision, particularly given Husband's lackluster effort to brief these arguments. *Cf. Sneed*, 301 S.W.3d at 615.

Finally, in the conclusion section of her appellate brief, Wife asks for an award of attorney's fees. This request was not designated as an issue on appeal and no authority was cited in support. This request is therefore waived. *See, e.g.*, *Rajendran v. Rajendran*, No. M2019-00265-COA-R3-CV, 2020 WL 5551715, at *12 (Tenn. Ct. App. Sept. 16, 2020) (waiving a request for appellate attorney's fees where the party did not cite any basis for the award or designate the claim as an issue on appeal); *In re Samuel P.*, No. W2016-01665-COA-R3-JV, 2018 WL 1046784, at *21 n.13 (Tenn. Ct. App. Feb. 23, 2018) (same).

## CONCLUSION

The judgment of the Hamilton County Circuit Court is affirmed, and this matter is remanded for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Bernard Keith Richardson.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 10 -