IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 14, 2002

## SANDRA LOUISE RUSSELL v. PATRICK DEWAYNE RUSSELL

**Appeal from the Circuit Court for Hamilton County**
**No. 00D530      L. Marie Williams, Judge**

**FILED JANUARY 31, 2002**

**No. E2001-00539-COA-R3-CV**

In this divorce case, the trial court dissolved a marriage of 15 years; adopted a parenting plan relative to the parties' two minor children; divided the marital property; and awarded wife a portion of her attorney's fees. Husband appeals, arguing that the trial court's division of marital property was not equitable; that the trial court erred in allowing wife to amend her complaint to request attorney's fees; and that the trial court erred in ordering husband to pay a portion of those fees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Lisa Z. Espy, Chattanooga, Tennessee, for the appellant, Patrick Dewayne Russell.

Stuart E. Duncan, Chattanooga, Tennessee, for the appellee, Sandra Louise Russell.

**OPINION**

I. *Background*

Sandra Louise Russell ("Wife") filed a complaint for divorce on March 3, 2000, seeking to dissolve her marriage to Patrick Dewayne Russell ("Husband"). Husband filed an answer and counterclaim. On July 10, 2000, the parties appeared before the trial court and requested that the court declare them divorced. They also announced that they had reached an agreement regarding the permanent parenting plan for their minor children. The trial court entered an order on August 4, 2000, declaring the parties divorced; approved their parenting plan; and reserved the issue of the division of marital property to a later date. No child support was ordered, as it appeared to the trial court that the parties had substantially equal incomes and would be spending substantially equal parenting time with the children.

Thereafter, Husband's counsel filed a motion to withdraw based on the fact that she was moving out of the jurisdiction. The motion was granted, and Husband retained new counsel in September, 2000.

On November 10, 2000, Wife filed a motion to amend her complaint to seek payment of her attorney's fees. Wife alleged "that she has had to incur needless attorney's fees and costs by reason of [Husband's] legal stonewalling and obstructive tactics which have resulted in [Wife] incurring attorney's fees and costs in protecting the marital property, paying marital debts and negotiating with [Husband's] attorney in an attempt to obtain [Husband's] cooperation in protecting their joint interests in these matters." Husband opposed the motion, arguing that he was "in no way responsible for the withdrawal of his previous attorney, the delays caused by the withdrawal or the lack of discovery by his previous attorney."

The case proceeded to trial on November 16, 2000. At that time, the trial court granted Wife's motion to amend her complaint. Following the trial, the court below entered an order classifying and dividing the parties' marital property as follows:

| Marital Assets/Liabilities | Value | Awarded to Wife | Awarded to Husband |
|---|---|---|---|
| Marital Residence | $86,000 | $86,000 | |
| Davenport Road Property | 5,000 | | $ 5,000 |
| Household Goods | 2,080 | 1,795 | 285 |
| Figurine Collection | 2,500 | 1,250 | 1,250 |
| Chrysler Automobile | 18,000 | 18,000 | |
| GMC Van | 3,000 | | 3,000 |
| Pontoon Boat | 3,500 | | 3,500 |
| Federal Express Pension Profit Sharing Plan | 13,776 | 6,888 | 6,888 |
| Bank Accounts | 1,172 | 872 | 300 |
| Eagle Mountain Resort Timeshare | 6,500 | | 6,500 |
| Suntrust Bank Debt (Residence) | <77,000> | <77,000> | |
| Erlanger Credit Union Debt | <20,000> | <20,000> | |
| VISA Credit Card Debt | <3,149> | <3,149> | |
| MasterCard Credit Card Debt | <4,645> | <4,645> | |
| American Express Credit Card Debt | <1,000> | | <1,000> |
| Total | $35,734 | $10,011 | $25,723 |

In addition, the trial court decreed that the following additional marital obligations are to be paid by Husband and "are necessary for the support of the wife and therefore constitute alimony to be paid by the husband to third parties for the necessary support of the wife":

| Debt | Amount |
|---|---|
| Blazer Finance | $ 3,240 |
| Clark Brothers Furniture | 1,600 |
| Sears | 300 |
| Dillards | 250 |
| Healthcare Services Credit Union | 4,211 |
| Eagle Mountain Resort Timeshare | 4,000 |
| Total | $13,601 |

The trial court granted Wife's request for attorney's fees and instructed her to file an affidavit detailing such fees. An affidavit subsequently filed by Wife's attorney indicated that Wife had incurred fees of $7,771.50 from February, 2000, to November, 2000, of which fees Wife had paid $2,100. The trial court ordered Husband to pay $5,500 of Wife's attorney's fees "[a]s additional alimony." Husband filed a motion to alter or amend, which was denied. This appeal followed.

## II. *Standard of Review*

In this non-jury case, our review is *de novo*; however, the record comes to us accompanied by a presumption of correctness as to the trial court's factual findings, a presumption that we must honor unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Jahn v. Jahn,* 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

Our search for the preponderance of evidence is tempered by the principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such credibility determinations are entitled to great weight on appeal. *Massengale v. Massengale,* 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995); *Bowman v. Bowman,* 836 S.W.2d 563, 567 (Tenn. Ct. App. 1991).

## III. *General Principles*

Before addressing the issues raised by the parties, we will review the general principles regarding the classification and division of property in a divorce case. Tennessee recognizes two distinct classes of property: (1) "marital property," as defined in T.C.A. § 36-4-121(b)(1) (2001); and (2) "separate property," as defined in T.C.A. § 36-4-121(b)(2) (2001). The distinction is important because, in an action for divorce, only marital property is divided between the parties. *See* T.C.A. § 36-4-121(a)(1) (2001). Implicit in the statute is the understanding that a party's separate property is not to be divided. *Brock v. Brock,* 941 S.W.2d 896, 900 (Tenn. Ct. App. 1996).

Generally speaking, property that is acquired during a marriage by either or both spouses and still owned by either or both spouses at the time of the final divorce hearing is classified as marital property and is thus subject to equitable division. T.C.A. § 36-4-121(b)(1)(A). However, property acquired by a spouse by gift, bequest, devise or descent, even if acquired during the marriage, is separate property and not subject to division. T.C.A. § 36-4-121(b)(2)(D).

Property must be equitably divided and distributed between the parties once it is properly classified as marital. *See* T.C.A. § 36-4-121(a)(1). "Trial courts have wide latitude in fashioning an equitable division of marital property." **Brown v. Brown,** 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994). Such a division must be accomplished with reference to the statutory factors found in T.C.A. § 36-4-121(c) (2001). Marital fault cannot be considered. T.C.A. § 36-4-121(a)(1).

"[A]n equitable property division is not necessarily an equal one. It is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." **Batson v. Batson,** 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). It is not necessary that both parties receive a share of each piece of property. **Thompson v. Thompson,** 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). It is the overall division that must be equitable. **Id.** We are to defer to a trial court's division of marital property unless the trial court's decision is inconsistent with the statutory factors or is unsupported by the preponderance of the evidence. *See* **Brown,** 913 S.W.2d at 168.

IV. *Classification and Division of Marital Property*

The first issue raised by Husband relates to the trial court's division of marital property. Husband contends that the trial court failed to make an equitable division of the parties' assets and liabilities, and he cites numerous findings by the trial court, which, he argues, were in error. We will address each of these findings individually; however, our review is tempered by the well-established principle that it is the *overall* division of marital property that must be equitable. *See* **Thompson,** 797 S.W.2d at 604.

Husband first argues that the trial court's valuation of the marital residence at $86,000 "is against the weight of the evidence." Husband maintained at trial that the property is worth $95,000 and that the parties had agreed to this value prior to trial. Wife, on the other hand, testified that the parties had never agreed to a value except when they were trying to negotiate a settlement and that, in her opinion, the property is worth $80,000.

The value to be placed on an asset in a divorce case is a question of fact. **Brock,** 941 S.W.2d at 902. In making this determination, the trial court must consider all relevant evidence, and if the evidence is conflicting, the court, in its discretion, may assign a value to the asset that is within the range supported by the evidence. **Id.**

We are of the opinion that the trial court did not err in valuing the marital residence. The evidence presented at trial regarding the property's value established a range of $80,000 to $95,000. The value assigned by the trial court is clearly within the range established by the proof, and, based

upon the evidence before us, we cannot say that the evidence preponderates against the trial court's determination that the property is worth $86,000.

Next, Husband argues that the trial court erred in classifying the pontoon boat as marital property. Husband testified at trial that the boat was stolen while parked at his brother's house, and he introduced a police document dated May 2, 2000, detailing the report of the theft. Wife argues that the trial court did not err in awarding this asset to Husband because the circumstances surrounding the loss were suspicious.

Although the trial court made no specific finding regarding its reason for classifying the pontoon boat as a marital asset, it is apparent from the trial court's action that it did not believe Husband's testimony that the boat had been stolen and consequently disregarded his testimony. As the trial court is in the best position to assess the credibility of the witnesses, we will defer to the trial court's determination of Husband's credibility. Accordingly, we find that the evidence does not preponderate against the trial court's classification of this asset as marital property.

Husband next takes issue with the valuation of certain assets and liabilities assigned to the parties. Specifically, he challenges the trial court's determinations as to the amount of the indebtedness owing on the Eagle Mountain Resort Timeshare; the amount of the indebtedness owed to Erlanger Credit Union; the value of the Federal Express Profit Sharing Plan; and the value of the automobile awarded to Wife. While the preponderance of the evidence may well support values other than those found by the trial court as to these assets and debts, we do not believe that this fact renders the overall division of property and debts inequitable. In other words, even if we were to accept Husband's position with respect to the value of the assets and debts in question, and assign them to the parties at those values, we would still find the *overall* distribution of the assets and debts as between the parties to be equitable under the circumstances of this case.

Husband also contends that the trial court erred in classifying the debt due Health Care Services Credit Union as a marital debt because, so the argument goes, the debt was incurred after August 4, 2000, when the order divorcing the parties was entered. Wife counters that the loan constitutes a marital debt and that she procured the loan in order to prevent foreclosure on the marital residence.

The trial court ordered each party to pay one-half of the house payment while this divorce action was pending. According to the statement of the evidence, Husband "presented proof that he had paid his portion of the mortgage payments and that it would not have been necessary for [Wife] to take out a loan." Wife testified, however, that Husband had paid only $1,700 of the $6,400 annual mortgage payments for the year 2000, and that she had to procure a loan from the Credit Union in order to pay this deficit and avoid foreclosure.

We agree with the trial court that the loan is a marital debt; although an order had already been entered declaring the parties divorced when Wife procured the loan, the case was still pending before the trial court. *See* T.C.A. § 36-4-121(b)(1)(A) (defining "marital property" as "property...acquired by either or both spouses during the course of the marriage up to the date of the

final divorce hearing"). Furthermore, under the circumstances, we cannot say that the assignment of this marital debt to Husband is inequitable. It is obvious that the trial court believed Wife's testimony that she had to obtain the loan because of Husband's failure to pay his share of the mortgage owing on the marital residence. If Wife had not borrowed the funds, it appears that the bank would have foreclosed on the property.

Next, Husband contends that the trial court erred in ordering him to pay the debts owed to Blazer Finance, Clark Brothers, and Sears. We disagree. Marital debt is subject to equitable division in the same manner as marital property. *See Cutsinger v. Cutsinger,* 917 S.W.2d 238, 243 (Tenn. Ct. App. 1995); *Mondelli v. Howard,* 780 S.W.2d 769, 773 (Tenn. Ct. App. 1989). Although generally speaking, "debts should follow the assets they purchased," *see Mondelli,* 780 S.W.2d at 773, we cannot say that the trial court erred in dividing the marital debt as it did.

Husband argues in his brief that the trial court erred in allocating the full value of the Davenport Road property to Husband because, he alleges, he owns only a portion of the property. We cannot find any evidence in the record to support Husband's assertion. Accordingly, we will not consider this argument further.

In sum, we find and hold that the trial court's division of marital property between the parties was equitable, and we find no reason to disturb the distribution of assets and liabilities between the parties.

## V. *Attorney's Fees*

Husband argues that the trial court erred in permitting Wife to amend her complaint to include a demand for attorney's fees. He further argues that it was error for the trial court to require Husband to pay a portion of those fees. We disagree.

Generally speaking, a party may amend his or her complaint with leave of the court, and such leave should be "freely given when justice so requires." Tenn. R. Civ. P. 15.01. Thus, we cannot say that the trial court abused its discretion in permitting Wife to amend her complaint in the instant case. Furthermore, trial courts have wide discretion in awarding attorney's fees in divorce cases, and we will not disturb such awards unless there is a clear abuse of discretion. *Garfinkel v. Garfinkel,* 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996). Upon reviewing the record, we do not think that the trial court abused its discretion by awarding Wife $5,100 of her attorney's fees. This issue is therefore found adversely to Husband.

## VI. *Conclusion*

The judgment of the trial court is affirmed. This case is remanded for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Patrick Dewayne Russell.

_____
CHARLES D. SUSANO, JR., JUDGE